UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Humberto Rodriguez,<br>Andres Bello,<br>Sharonne Lewis,<br>Jason Tavarez, and<br>Alex Melendez, et al.<br><br>                    *Defendants.* | **Protective Order**<br><br>**S2 20 Cr. 301 (PKC)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains sensitive information, such as

identification of witnesses or photographs taken and records produced in connection with an autopsy performed by the Office of Chief Medical Examiner, that the Government believes in good faith should not be disclosed to the defendant. In the event that counsel for a defendant disagrees about the Government's designation of material as sensitive disclosure material, counsel for the objecting party and the Government shall meet-and-confer in an effort to resolve such dispute. However, the Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

    (a) the defendant;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (c) Prospective witnesses for purposes of defending this action.

3. Sensitive disclosure material shall be disclosed by counsel only as follows:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from Humberto Rodriguez, Victor Rodriguez, Andres Bello, Sharonne Lewis, Alex Melendez, Jason Tavarez, and others. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____         Date: 1/19/2021
Nicholas W. Chiuchiolo / Peter J. Davis
Assistant United States Attorneys

_____              Date: 1/22/2021
Daniel McGuinness, Esq.
Counsel for Sharonne Lewis


_____              Date: _____
Anthony Strazza, Esq.
Counsel for Jason Tavarez


_____              Date: _____
Dawn Cardi, Esq.
Counsel for Alex Melendez

SO ORDERED:

Dated: New York, New York
       January ___, 2021

_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____     Date: 1/19/2021
Nicholas W. Chiuchiolo / Peter J. Davis
Assistant United States Attorneys


_____          Date: _____
Daniel McGuinness, Esq.
Counsel for Sharonne Lewis


_____          Date: 1/19/21
Anthony Strazza, Esq.
Counsel for Jason Tavarez


_____          Date: _____
Dawn Cardi, Esq.
Counsel for Alex Melendez

SO ORDERED:

Dated: New York, New York
       January ___, 2021


_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

5

**Retention of Jurisdiction**

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____  Date: 1/19/2021
Nicholas W. Chiuchiolo / Peter J. Davis
Assistant United States Attorneys


_____  Date: _____
Daniel McGuinness, Esq.
Counsel for Sharonne Lewis


_____  Date: _____
Anthony Strazza, Esq.
Counsel for Jason Tavarez

_____  Date: 1/26/2021
Dawn Cardi, Esq.
Counsel for Alex Melendez

SO ORDERED:

Dated: New York, New York

_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

1-27-21

5