UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                     20-cr-301 (PKC)

      -against-                              ORDER

JASON TAVAREZ,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Jason Tavarez, who is proceeding pro se, moves for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023. (ECF 351.) He also moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), based on circumstances that he describes as extraordinary and compelling. (Id.)

        The Court will first address the Amendment 821 motion and then address the motion for a sentence reduction based upon extraordinary and compelling circumstances.

Amendment 821.

        On November 16, 2022, defendant was sentenced principally to a term of 144 months' imprisonment. (Minute Entry; ECF 303.)

        The United States Probation Department has issued a report indicating that defendant is not eligible for a sentence reduction under Amendment 821. (ECF 354.) Defendant is not eligible to receive a "Status Points" adjustment because he did not receive an enhancement for committing the instant offense while under a criminal justice sentence. He is not eligible for

the "Zero-Point Offender" offense-level reduction because he did not have zero criminal history points.

Because the defendant is not eligible for either the "Status Points" adjustment or the "Zero-Point Offender" offense-level reduction, he is ineligible for a reduction under Amendment 821.

Extraordinary and Compelling Circumstances.

Provided that the exhaustion requirement is met, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Tavarez does not assert that he administratively applied for reduction of his sentence prior to bringing this application for judicial relief, as required under 18 U.S.C. § 3582(c)(1)(A). For this reason alone, Tavarez's application for a sentence reduction will be denied. See, e.g., United States v. Lopez, 2024 WL 964593, at *4 (S.D.N.Y. Mar. 5, 2024) ("Exhaustion of administrative remedies is, however, mandatory before a § 3582(c) motion can be granted.") (Engelmayer, J.).

Tavarez's motion for a sentence reduction would be denied on the merits. "Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an

extraordinary and compelling reason'" for sentence reduction.  United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

Tavarez asserts that his personal rehabilitation, when viewed alongside the likelihood that he will be deported upon release and the "harsh conditions" of confinement that he experienced during the Covid-19 pandemic, amount to extraordinary and compelling circumstances.  (ECF 351 at 2-4.)  Tavarez states that since entering BOP custody, he "has participated in many educational courses, he has constantly worked, he has had no disciplinary infractions during his custody."  (Id. at 2.)  He states that upon release, "[b]ased on his likelihood of recidivism and the fact that he will probably be deported, he will no longer be a threat to the community."  (Id. at 3.)  Tavarez also cites the "very harsh conditions" and "extreme lockdowns" he experienced during the Covid-19 pandemic.  (Id. at 5.)

Tavarez's good disciplinary record and educational pursuits during his incarceration, while encouraging, do not warrant a sentence reduction.  See, e.g., United States v. Salgado, 2022 WL 3043100, at *2 (S.D.N.Y. Aug. 2, 2022) (rehabilitation and a "spotless disciplinary record" do not warrant sentence reduction because "[t]o find otherwise would convert the process for obtaining a compassionate release into a de facto parole system, through which defendants with good behavior are rewarded with sentence reduction," contrary to Congress's intent) (Caproni, J.).  Tavarez's generalized reference to the harsh conditions created by the Covid-19 pandemic does not, without more, amount to an extraordinary and compelling circumstance. See, e.g., United States v. Malloy, 2023 WL 2237504, at *2 (S.D.N.Y. Feb. 27, 2023) ("courts in this District have determined that harsh conditions of confinement during the pandemic, without more, do not constitute 'extraordinary and compelling' reasons justifying a

sentence reduction.") (Marrero, J.) (collecting cases).[1]  Tavarez's likely deportation after his term of imprisonment also is not an extraordinary and compelling circumstance.  See, e.g., United States v. Lin, 2021 WL 2930987, at *3 (S.D.N.Y. July 12, 2021) (Stein, J.).  Considering these factors in combination, Tavarez has not demonstrated extraordinary and compelling circumstances that warrant a reduction of his sentence.

Even if Tavarez had demonstrated extraordinary and compelling circumstances, the motion would be denied based on the section 3553(a) factors.  The Court sentenced Tavarez principally to a below-Guidelines term of 144 months.  (ECF 303.)  Tavarez was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A).  (Id.)  As the Court recounted in its statement of reasons, Tavarez carried a white plastic bag containing $33,000 to be used in the purchase of a kilogram of cocaine, aware that a co-conspirator was in possession of a firearm.  (Sentencing Tr. 32.)  Tavarez's co-conspirator discharged the firearm and killed a victim during the course of the transaction.  (Id. at 23.)  At the sentencing hearing, the Court noted that Tavarez was not the shooter, and referenced the unobjected-to obstruction enhancement described in Tavarez's PSR, as well as the societal harm created by drug violence and narcotics distribution.  (Id. at 33.)  Considering the nature and circumstances of the offense, the seriousness of the offense, the need for just punishment and deterrence, and the protection of the public, the section 3533(a) factors weigh against Tavarez's application.

---

[1] At Tavarez's sentencing hearing, his counsel ably recounted the difficult conditions of confinement created by the Covid-19 pandemic, which the Court considered in sentencing the defendant.  (Sentencing Tr. at 14-15, 34 (ECF 309).)

CONCLUSION.

Defendant's motion for a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines is DENIED. His motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk is respectfully directed to terminate the motion. (ECF 351.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 11, 2024

COPY MAILED TO:

Jason Tavarez
Reg. No. 24658-509
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640